# UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| DANA LOGEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| WINDHAM PROFESSIONALS, INC., ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

DANA LOGEMAN (Plaintiff), through her attorneys, KROHN & MOSS, LTD., alleges the following against WINDHAM PROFESSIONALS, INC., (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant maintains an office and conducts business in the state of Illinois, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

6. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

7. Plaintiff is a natural person residing in Milbrook, Alabama.

8. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

10. Defendant is a New Hampshire Corporation with an office in Bloomingdale, Dupage County, Illinois.

11. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

12. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged student loan owed.

13. Defendant calls Plaintiff on her cellular phone number.

14. Defendant often calls Plaintiff multiple times a day.

15. Defendant has threatened Plaintiff with legal action if immediate payment is not made.

16. Defendant has threatened Plaintiff with a judgment if immediate payment is not made.

17. Defendant has threatened Plaintiff with wage garnishment if immediate payment is not made.

18. Defendant has threatened to put a lien on Plaintiff's property if immediate payment is not made.

19. Defendant, while trying to get Plaintiff's bank account info for ACH payment, falsely informed Plaintiff that if Plaintiff did not provide Defendant with her bank account info

that the Defendant would charge Plaintiff more money than she already owed.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

20. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692d* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff.

   b. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

   c. Defendant violated *§1692e(4)* of the FDCPA by falsely threatening Plaintiff with wage garnishment and property seizure despite the fact that Defendant did not and does not possess a valid judgment against the Plaintiff.

   d. Defendant violated *§1692e(5)* of the FDCPA by falsely threatening Plaintiff with legal action despite the fact that Defendant did not and does not possess a valid judgment against the Plaintiff.

   e. Defendant violated *§1692e(10)* of the FDCPA by using false representations and deceptive means in an attempt to collect a debt because Defendant falsely threatened Plaintiff with legal action, garnishment and seizure despite the fact that Defendant did not and does not possess a valid judgment against the Plaintiff.

WHEREFORE, Plaintiff, DANA LOGEMAN, respectfully requests judgment be entered against Defendant, WINDHAM PROFESSIONALS, INC., for the following:

21. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

22. Statutory damages of 1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

23. Actual damages,

24. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

25. Any other relief that this Honorable Court deems appropriate.

        RESPECTFULLY SUBMITTED,

        By:__/s/AdamT.Hill_____ _____
        Adam T. Hill
        Attorneys for Plaintiff
        Krohn & Moss, Ltd.
        120 W. Madison Street
        10th Floor
        Chicago, IL 60602

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, DANA LOGEMAN, demands a jury trial in this case.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ALABAMA

Plaintiff, DANA LOGEMAN, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, DANA LOGEMAN, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_October 9th 2009_
Date

_Dana Logeman_
DANA LOGEMAN